# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0296V
### Filed: September 16, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
NADARA SHIVES,                          *
                                        *
                                        *
                Petitioner,             *        Damages Decision Based on Proffer;
                                        *        Influenza ("flu") vaccine; Shoulder Injury
v.                                      *        Related to Vaccine Administration
                                        *        ("SIRVA"); Special Processing Unit
                                        *        ("SPU")
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
                Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Lauren E. Faga, Conway Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Glenn A. MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Vowell**, Special Master:

      On March 23, 2015, Nadara Shives filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleged that as a result of an influenza ("flu") vaccination on September 20, 2013, petitioner suffered a right shoulder injury related to vaccine administration ("SIRVA"). The case was assigned to the Special Processing Unit of the Office of Special Masters ("SPU").

      On June 12, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation. On September 16, 2015, respondent filed a proffer on award of compensation ("Proffer") detailing compensation for all elements of compensation to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

which petitioner would be entitled under §15(a).  According to respondent's Proffer, petitioner agrees to the proposed award of compensation.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $120,000.00 in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under §15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u>
**Denise K. Vowell**
**Special Master**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\
NADARA SHIVES,

              Petitioner,

*v*.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

              Respondent

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**No. 15-296V (ECF)**
SPECIAL MASTER
DENISE K. VOWELL

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

Respondent filed her Vaccine Rule 4(c) Report on June 11, 2015, conceding that petitioner was entitled to receive compensation for a shoulder injury related to vaccine administration ("SIRVA"), which was caused by the flu vaccination she received on September 20, 2013. On July 8, 2015, the Special Master issued a decision finding that a preponderance of the medical evidence established that petitioner's SIRVA injury was causally related to the flu vaccination she received on September 20, 2013. The parties proceeded thereafter to address the amount of compensation to be awarded in this case.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a total lump sum of $120,000.00, which amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $120,000.00 in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

*/s/ GLENN A. MACLEOD*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 616-4122

DATE: September 16, 2015